## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JUAN SANES, | : | |
| | : | |
| Plaintiff, | : | Civil No. 08-3563 (RMB) |
| | : | |
| v. | : | |
| | : | |
| ANNE MILGRAM, et al., | : | **MEMORANDUM AND ORDER** |
| | : | |
| Defendants. | : | |

Plaintiff, Juan Sanes, a state inmate presently confined at the Camden County Correctional Facility in Camden, New Jersey, at the time he submitted this Complaint for filing, seeks to bring this civil action for money damages under the Federal Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961, et seq., numerous state government officials.  Plaintiff failed to pay the $350.00 filing fee and did not submit a complete application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

1

Under the Act, a prisoner bringing a civil action in forma
pauperis must submit an affidavit, including a statement of all
assets, which states that the prisoner is unable to pay the fee.
28 U.S.C. § 1915(a)(1).  The prisoner also must submit a
certified copy of his inmate trust fund account statement for the
6-month period immediately preceding the filing of his complaint.
28 U.S.C. § 1915(a)(2).  The prisoner must obtain this statement
from the appropriate official of each prison or institutional
facility at which he was or is confined.  Id.

Even if the prisoner is granted in forma pauperis status,
the prisoner must pay the full amount of the $350 filing fee.  28
U.S.C. § 1915(b)(1).  In each month that the amount in the
prisoner's account exceeds $10.00, until the $350.00 filing fee
is paid, the agency having custody of the prisoner shall assess,
deduct from the prisoner's account, and forward to the Clerk of
the Court payment equal to 20% of the preceding month's income
credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint
that he must pay the filing fee, and that even if the full filing
fee, or any part of it, has been paid, the Court must dismiss the
case if it finds that the action is: (1) frivolous or malicious;
(2) fails to state a claim upon which relief may be granted; or
(3) seeks monetary relief against a defendant who is immune from
such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses

2

the case for any of these reasons, the Act does not permit the
prisoner to get his filing fee back.

If the prisoner has, on three or more prior occasions while
incarcerated, brought an action or appeal in a court that was
dismissed on any of the grounds listed above, he cannot bring
another action in forma pauperis unless he is in imminent danger
of serious physical injury.  28 U.S.C. § 1915(g).

In this case, Plaintiff failed to either pay the $350.00
filing fee, or submit a complete in forma pauperis application as
required by 28 U.S.C. § 1915(a)(1); in particular, Plaintiff
failed to provide a complete in forma pauperis application that
contains his six-month institutional account statement as
prescribed under 28 U.S.C. § 1915(a)(2).

THEREFORE, it is on this **23rd** day of **July** 2008;

**ORDERED** that Plaintiff's application to proceed in forma
pauperis is hereby **DENIED**, without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall supply to
Plaintiff a blank form Application to Proceed In Forma Pauperis;
and it is further

**ORDERED** that the Clerk of the Court shall administratively
terminate this case, without filing the complaint or assessing a
filing fee; Plaintiff is informed that administrative termination
is not a "dismissal" for purposes of the statute of limitations,
and that if the case is reopened, it is not subject to the

3

statute of limitations time bar *if it was originally filed timely*, <u>see</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988)(prisoner mailbox rule); <u>McDowell v. Delaware State Police</u>, 88 F.3d 188, 191 (3d Cir. 1996); <u>see also</u> <u>Williams-Guice v. Board of Education</u>, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, 402 East State Street, Trenton, New Jersey 08608, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete <u>in forma pauperis</u> application, including an affidavit of indigence **and** six-month prison account statement, signed by an authorized officer of the institution where he is confined, or (2) the $350 filing fee; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete <u>in forma pauperis</u> application or filing fee within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
United States District Judge