**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

JUAN SANES,              :

                     :  Civil Action No. 08-3563 (RMB)

        Plaintiff,   :

                     :

                     :

        v.         :  **OPINION**

                     :

ANNE MILGRAM, et al.,    :

                     :

        Defendants.  :

**APPEARANCES:**

      JUAN SANES, Plaintiff pro se
      # 202622/3-N-C
      Camden County Correctional Facility
      P.O. Box 90431
      Camden, New Jersey 08101

**BUMB**, District Judge

      Plaintiff Juan Sanes, currently an inmate confined at the Camden County Correctional Facility in Camden, New Jersey ("CCCF"), filed this civil complaint alleging claims of conspiracy, false documentation, fraud, extortion, and racketeering against numerous defendants.  He also alleges violations of his Fourth, Fifth, Sixth, and Eighth Amendment rights.[1]

---

    [1]  This matter was administratively terminated by Order of this Court on July 23, 2008, because plaintiff had not paid the filing fee or submitted a complete application to proceed in forma pauperis ("IFP"), with his six-month prison account statement as provided by 28 U.S.C. § 1915(a)(2).  The Order

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I.   BACKGROUND

Plaintiff, Juan Sanes ("Sanes"), brings this action against the following defendants: Anne Milgram, Attorney General of the State of New Jersey; Joshua Ottenberg, Camden County Prosecutor's Office; Richard J. Williams, J.A.D.; Francis J. Orlando, Assignment Judge; Michael J. Friedman, Esq., Camden County Public Defender's Office; and Eric Taylor, Warden, Camden County Correctional Facility.  (Complaint, Caption).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

Sanes appears to allege that his Grand Jury indictment was not signed by the foreman of the grand jury, and that the judge in his pending state criminal proceedings has denied him the

---

allowed plaintiff thirty (30) days to submit a letter request to re-open the case with his complete IFP application, or the filing fee.  On August 28, 2008, this Court received plaintiff's $350.00 filing fee.  Accordingly, this case will be re-opened because plaintiff paid the filing fee as directed.

transcript of the grand jury proceedings.  He charges that the defendants acted in fraud to falsify the grand jury indictment, which he claims the foreperson's signature was forged.  He also generally alleges extortion and racketeering claims without any factual support.

Sanes does not seek any monetary damages, but asks only that a federal investigation be undertaken with respect to his allegations against defendants.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Here, plaintiff is a prisoner asserting claims against government officials with respect to the conduct of his state criminal proceedings.  Consequently, this action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

In short, a pro se prisoner plaintiff simply need comply with the pleading requirements of Rule 8(a)(2)(complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). See Erickson, 127 S.Ct. at 2200. Thus, a complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n. 12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson, 127 S.Ct. at 2200 (citations omitted).

> While a complaint ... does not need detailed factual
> allegations, a plaintiff's obligation to provide the
> "grounds" of his "entitle[ment] to relief" requires more
> than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculation level. ...

Bell v. Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1964-65 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Accordingly, a pro se prisoner plaintiff may allege only enough factual matters (taken as true) to suggest the required elements of the claim(s) asserted. Twombly, supra; Phillips v. Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d

5

229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116–17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

III.   ANALYSIS

A.   RICO Claim

Sanes appears to invoke federal question jurisdiction under 28 U.S.C. § 1331, alleging a claims of extortion, fraud, and conspiracy against the defendants in violation of the Racketeer Influenced and Corrupt Organization Act ("RICO").   See 18 U.S.C. §§ 1962, 1964(a).  His only allegations in support of his complaint is that the foreman's signature on his grand jury indictment appears to be "forged" and that the state court judge has denied his request for a transcript of the grand jury proceedings.

Even under the most liberal reading of the Complaint, Sanes wholly fails to identify an enterprise, or any particular acts of alleged racketeering necessary to support a civil RICO claim.

6

Nor does Sanes allege any pattern of racketeering activity.  He allegations are based solely on this one incident of an indictment, plaintiff's own indictment.  Thus, the Complaint is completely devoid of any particularized factual allegations necessary to support the statutory requirements of a RICO claim. Accordingly, because Sanes does not assert the necessary elements of a civil RICO claim or any factual or legal basis to raise a viable claim under the RICO statute, the Complaint will be dismissed under 28 U.S.C. § 1915A(b)(1).  Sanes may seek to re-open this case if he can allege the particularized facts necessary to satisfy the statutory requirements of a civil RICO action.[2]

B.  <u>Claims Against Taylor and Milgram</u>

This Court also finds that the Complaint is subject to dismissal as against defendants Warden Taylor and the Attorney General Anne Milgram because Sanes fails to allege any facts concerning their involvement, activity, or knowledge of plaintiff's indictment.  Therefore, because the Complaint is completely devoid of any factual support for the general claims asserted as they may relate to these defendants, the Complaint

---

[2]  Likewise, plaintiff's general reference to the Fourth, Fifth, Sixth and Eighth Amendments without any factual allegations as to the purported wrongdoings by defendants fails to state a claim of a federal constitutional violation, and the claims are subject to dismissal accordingly.

will be dismissed in its entirety as to defendants Milgram and Taylor, for failure to state a claim at this time.


C.   Judicial Immunity

As a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit under the doctrine of judicial immunity. See Mireless v. Waco, 502 U.S. 9 (1991). "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."  Id., 502 U.S. at 11 (*citing* Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).  The Supreme Court has made clear that

> judges of courts of superior or general jurisdiction
> are not liable to civil actions for their judicial acts,
> even when such acts are in excess of their jurisdiction,
> and are alleged to have been done maliciously or corruptly.

Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); see also Pierson v. Ray, 386 U.S. 547, 554 (1967).  Thus, judicial immunity can be overcome only for actions not taken in a judicial capacity, id., or for actions taken in a complete absence of all jurisdiction. Mireless, 502 U.S. at 11-12.  Allegations that actions were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity.  See Forrester v. White, 484 U.S. 219, 227 (1988).

Here, Sanes fails to assert any allegations against the defendant judges that would show that they acted outside their judicial capacity.  Sanes' claims involve a discovery request

made during his state criminal proceedings, and also, he appears
to allege that his bail was excessive.  These allegations clearly
involve only court-related matters occurring during plaintiff's
state criminal proceedings.  Such claims is not actionable.
There are no allegations to suggest that the defendant judges
acted beyond the scope of their judicial authority, or in the
complete absence of all jurisdiction.  Therefore, defendants,
Judge Williams and Judge Orlando are absolutely immune from
liability, and the Complaint will be dismissed with prejudice as
against these defendants.

D.  Public Defender Claim

        Next, Sanes names his public defender, Michael J. Friedman,
Esq., as a defendant, yet fails to articulate any facts to
support a RICO claim or any other of the general allegations of
constitutional violations.  Sanes generally invokes the Sixth
Amendment, and although he allege no facts of any kind to support
a Sixth Amendment violation as to his public defender, this Court
will construe the allegation as a claim of ineffective assistance
of counsel, under 42 U.S.C. § 1983, against his defense attorney,
Friedman, who is assigned counsel to plaintiff during his state
criminal proceedings.

        Plaintiff's claim against his assigned criminal trial lawyer
is not actionable at this time in a § 1983 action.  First,
Friedman is not subject to liability under § 1983 because he is
not a state actor.  A public defender "does not act under color

9

of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Co. v. Dodson, 454 U.S. 312, 325 (1981) (a public defender performing a lawyer's traditional functions as counsel to a defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law). Even if Friedman was a privately retained lawyer, he would not be subject to liability under § 1983. Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client).

Moreover, even if Sanes had pleaded facts establishing that his attorney is acting under color of state law, any claim concerning a violation of plaintiff's right to effective assistance of counsel must first be raised in plaintiff's ongoing state criminal proceeding. A federal court generally will not intercede to consider issues that the plaintiff has an opportunity to raise before the state court. See Younger v. Harris, 401 U.S. 37 (1971).

To the extent that Sanes' criminal trial is no longer pending, and he has been convicted and sentenced on the state charges, any claim of ineffective assistance of counsel in this regard must first be exhausted via state court remedies, *i.e.*, by direct appeal or other available state court review; and then, if

10

appropriate, by filing a federal habeas application, under 28 U.S.C. § 2254, to assert any violations of federal constitutional or statutory law, namely, his claim of ineffective assistance of counsel.  Preiser v. Rodriguez, 411 U.S. 475 (1973).

Therefore, plaintiff's Complaint asserting any liability of defendant Friedman, under either the RICO statute or under § 1983 as to an ineffective assistance of counsel claim, will be dismissed for failure to state a claim at this time, pursuant to 28 U.S.C. § 1915A(b)(1).

E.  Prosecutorial Immunity

"[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983.  Imbler v. Pachtman, 424 U.S. 409, 410 (1976).  Thus, a prosecutor's appearance in court as an advocate in support of an application for a search warrant and the presentation of evidence at such a hearing are protected by absolute immunity.  Burns v. Reed, 500 U.S. 478, 492 (1991). Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

A prosecutor is not entitled to absolute immunity, however, for actions undertaken in some other function.  See Kalina v. Fletcher, 522 U.S. 118 (1997) (prosecutor is protected only by

11

qualified immunity for attesting to the truth of facts contained in certification in support of arrest warrant, as in her provision of such testimony she functioned as a complaining witness rather than a prosecutorial advocate for the state); Burns, 500 U.S. at 492-96 (the provision of legal advice to police during pretrial investigation is protected only by qualified immunity); Buckley, 409 U.S. at 276-78 (prosecutor is not acting as an advocate, and is not entitled to absolute immunity, when holding a press conference or fabricating evidence).  See also Yarris v. County of Delaware, 465 F.3d 129 (3d Cir. 2006)(where the Court of Appeals for the Third Circuit presents a detailed and nuanced analysis of when a prosecuting attorney is, and is not, entitled to absolute immunity for allegedly wrongful acts in connection with a prosecution, holding, for example, that a prosecutor is not entitled to absolute immunity for deliberately destroying highly exculpatory evidence, but is entitled to immunity for making the decision to deliberately withhold exculpatory evidence before and during trial, but not after the conclusion of adversarial proceedings).

Here, Sanes appears to allege a claim of fraud or other unarticulated claim of wrongdoing as to the prosecutor defendant with respect to the grand jury proceedings.  The prosecutor's role in the conduct of grand jury proceedings clearly falls within the scope of prosecutorial duties in initiating and pursuing a criminal prosecution against plaintiff.  Therefore,

12

any purported claim of prosecutorial misconduct against defendant Ottenberg is subject to dismissal for failure to state a claim.

## V.   CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed without prejudice, in its entirety, for failure to state a claim upon which relief may be granted at this time. Further, the Complaint will be dismissed with prejudice as to defendants, Judge Williams, Judge Orlando, and Prosecutor Ottenberg, because these defendants are immune from suit.  An appropriate order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: December 3, 2008

13